In the Matter of the Trust Established Under Trust Agreement of Thomas A. BORIGHT, Deceased.

No. C5–86–895.

Court of Appeals of Minnesota.

Nov. 10, 1986.

Chris F. Bothe, Peterson & Treat, P.A., Minneapolis, for appellant Gutierrez.

Martin H. Fisk, Briggs & Morgan, St. Paul, for respondent Mattox.

William J. Berens, Dorsey & Whitney, Minneapolis, for respondent First Nat. Bank.

Heard, considered and decided by NIER-ENGARTEN, P.J., and WOZNIAK and SEDGWICK, JJ.

## MEMORANDUM OPINION

SEDGWICK, Judge.

This appeal is from an order denying appellant Ana Gutierrez's petition for attorney's fees incurred by unsuccessfully opposing a petition to terminate a trust of which she was a beneficiary. We affirm.

The district court granted respondent Michael Mattox's petition to terminate the trust, but this court reversed and awarded Gutierrez attorney's fees. *In re Trust of Boright,* 359 N.W.2d 647 (Minn.Ct.App. 1984). The supreme court reversed that decision and vacated the award of attorney's fees. *In re Trust of Boright,* 377 N.W.2d 9 (Minn.1985).

Gutierrez then petitioned the district court for attorney's fees. The district court denied the petition, and Gutierrez brought this appeal.

We agree with respondent that the issue of attorney's fees was decided by the supreme court on its merits in *In re Trust of Boright,* 377 N.W.2d 9 (Minn.1985). The court stated:

Finally, although Gutierrez's position on appeal was consistent with a defense of the trust, it cannot be said that she was obliged to undertake the trustee's role for the protection of the donor's intention. Accordingly, the award to Gutierrez of attorneys fees, which she had not requested of the district court, is vacated.

377 N.W.2d at 14.

It is clear from the language of the supreme court decision that Gutierrez was not entitled to attorney's fees since she had not met the substantive criteria for an award, not because she had failed to request them from the district court.

Affirmed.